UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ROEL VISTA,<br>                     Plaintiff,<br><br>        v.<br><br>USPLABS, LLC, et al.,<br>                     Defendants. | Case No. 14-cv-00378-BLF<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS FOR LACK OF<br>PERSONAL JURISDICTION**<br><br>[Re: ECF 41] |

Defendants Doyle, Geissler, OxyElite, and OxyElite PN (the "Moving Defendants") move this court to dismiss the action against them for lack of personal jurisdiction. For the reasons set forth below, their motion is **DENIED**.

I.   **BACKGROUND**

Plaintiff filed an original complaint on January 24, 2014, in response to which the Moving Defendants filed a motion to dismiss for lack of personal jurisdiction. ECF 14. Before this initial motion to dismiss was decided, Plaintiff filed a First Amended Complaint ("FAC"), containing detailed factual allegations regarding the relationship among the various defendant entities, clearly designed to specifically address and overcome the challenges posed by Defendants' original motion to dismiss. ECF 21.

The court notes that Defendants' motion to dismiss the now-amended Complaint is largely identical to the initial motion—despite the fact that Plaintiff's FAC has been re-drafted specifically to address each of the deficiencies identified in Moving Defendants' initial motion. Although the new motion adds a few sentences characterizing the FAC's allegations as "conclusory," ECF 41-1 at 3, the motion otherwise fails to address the new allegations added in the FAC. Because the court finds the FAC's jurisdictional allegations sufficiently factual and non-conclusory, and because the FAC's uncontroverted factual allegations allow the reasonable inferences necessary to support at least Plaintiff's alter ego theory, the court **DENIES** this motion to dismiss for lack of personal

jurisdiction. Accordingly, the court need not address Plaintiff's agency or primary participant theories.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may bring a motion to dismiss for lack of personal jurisdiction. Although the defendant is the moving party, the plaintiff bears the burden of making a prima facie showing of facts establishing personal jurisdiction by a preponderance of the evidence. *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002). When a court decides the motion before conducting a trial or evidentiary hearing, the plaintiff need only make a prima facie showing that personal jurisdiction exists. *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995). A plaintiff makes a prima facie showing if the plaintiff produces admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir. 2003). The court accepts as true the complaint's uncontroverted factual allegations and resolves any factual conflicts in the plaintiff's favor. *Id.* Otherwise, defendants could prevent plaintiffs from meeting their burden simply by contradicting plaintiffs' affidavits. *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir.1990).

Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies. *Harris Rutsky,* 328 F.3d at 1129. California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution. *See* Cal. Code Civ. Pro. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Harris Rutsky,* 328 F.3d at 1129. Hence, the court "need only determine whether personal jurisdiction in this case would meet the requirements of due process." *Id.* Due process requires "that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

### III. DISCUSSION

Plaintiff does not argue that the Moving Defendants each individually had the necessary minimum contacts with California to give rise to a valid exercise of personal jurisdiction. Rather, Plaintiff contends that Defendant USPLabs had such contacts, and that those contacts can properly be imputed to Defendants Geissler, Doyle, OxyElite, and OxyElite PN for jurisdictional purposes. Since it is undisputed that USPLabs had the necessary contacts with the forum, the only question before the court is whether those contacts may be attributed to any of the Moving Defendants.

It is well established that a corporation–principal or parent–subsidiary relationship alone is insufficient to attribute the contacts of one to the other for jurisdictional purposes. However, contacts may be imputed where the two entities are alter egos. *See Harris Rutsky*, 328 F.3d at 1134. To satisfy the alter ego exception to the general presumption of corporate separateness, the plaintiff must make out a prima facie case that one exercises such control over the other so as to "render the latter the mere instrumentality of the former." *Harris Rutsky*, 328 F.3d at 1135. This can be done by showing:

1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist; and
2) that failure to disregard their separate identities would result in fraud or injustice.
   *Id.* at 1134-35.

In California, common principles apply regardless of whether the alleged alter ego is based on piercing the corporate veil to attach liability to a shareholder or to hold a corporation liable as part of a single enterprise. "Because it is founded on equitable principles, application of the alter ego is not made to depend upon prior decisions involving factual situations which appear to be similar. . . . It is the general rule that the conditions under which a corporate entity may be disregarded vary according to the circumstances of each case." *Toho-Towa Co. v. Morgan Creek Prods., Inc.*, 217 Cal. App. 4th 1096, 1108 (2013).

Factors for the trial court to consider include:

1) the commingling of funds and assets of the two entities,
2) identical equitable ownership in the two entities,

3

3) use of the same offices and employees,

4) disregard of corporate formalities,

5) identical directors and officers, and

6) use of one as a mere shell or conduit for the affairs of the other.

*Id.* at 1108-09.

"No one characteristic governs, but the courts must look at all the circumstances to determine whether the doctrine should be applied." *Id.* at 1109.

Plaintiff's FAC (ECF 21) alleges the following facts in support of its alter ego theory:

- All three corporations share the same dominant principals and shareholders. ¶¶ 4, 5.
- All three corporations were formed for the same purpose: allowing Defendants Geissler and Doyle to engage in selling untested and dangerous dietary supplements without being responsible to injured customers. ¶¶ 7, 6.
- At all times, Defendants Geissler and Doyle owned and controlled Defendant OxyElite. ¶ 7.
- At all times, Defendants Geissler and Doyle, owned and controlled the OxyElite Pro trademark held by OxyElite. ¶ 7.
- OxyElite was initially managed by USPLabs; this management arrangement was only changed nominally as a litigation tactic to disguise the identity of interests between the two corporations. ¶ 7.
- Defendants Geissler and Doyle completely dominate USPLabs, OxyElite, and OxyElite PN. ¶ 7.
- OxyElite and OxyElite PN are merely shells operating through their parent USPLabs. ¶ 7.
- USPLabs, OxyElite, and OxyElite PN employ the same attorney to file and monitor their registered trademarks. ¶ 7.
- USPLabs, OxyElite, OxyElite PN, Geissler, and Doyle are jointly represented by the same counsel in the instant litigation. ¶ 7.
- OxyElite and OxyElite PN do not hold shareholder meetings. ¶ 7.
- OxyElite and OxyElite PN do not possess bylaws. ¶ 7.
- USPLabs dominates OxyElite and OxyElite PN, which have no independent operational function, with the design of a common enterprise marketing, selling, and distributing dietary supplements. ¶ 7.

- The only current function of OxyElite and OxyElite PN is to hold the trademarks to OxyElite Pro and OxyElite Pro-1 respectively. ¶ 7.
- USPLabs transfers money and profits to its subsidiaries in anticipation of litigation, to make USPLabs judgment-proof and to defeat rightful claims. ¶ 7.
- OxyElite and OxyElite PN are shells to shield USPLabs from liability. ¶ 8.
- USPLabs is a shell to shield Defendants Geissler and Doyle from liability. ¶ 8.

Surprisingly, rather than deny any of these allegations, the Moving Defendants chose instead to simply characterize them as conclusory and insufficient. The only real attempt at controverting any aspect of Plaintiff's alter ego theory comprises a single paragraph in each of Geissler's and Doyle's declarations. *See* ECF 41-2 (Geissler Declaration) at ¶ 8 ("[T]o the best of my knowledge, all corporate formalities are followed. I have not converted any corporate assets for my own use and have not commingled any corporate assets for my own benefit."); ECF 41-3 (Doyle Declaration) at ¶ 8 ("[T]o the best of my knowledge, all corporate formalities are followed. I have not converted any corporate assets for my own use and have not commingled any corporate assets for my own benefit.").

With respect to the converting and comingling of corporate assets, while it is one of the factors courts consider in determining whether two entities are alter egos, it alone is not dispositive. With respect to Geissler's and Doyle's statement that corporate formalities are followed, it is not clear to what extent this conclusory statement is intended to contradict Plaintiff's allegations that OxyElite and OxyElite PN do not have bylaws or shareholders meetings. The court is disinclined to treat such a broad, vague statement as controverting Plaintiff's factual allegations so as to require further evidence from Plaintiff at this stage. Defendants Geissler and Doyle could easily have submitted declarations that shareholder meetings *are* held and that OxyElite and OxyElite PN *do* have bylaws, but did not.

Even if the court were to treat this statement as contradicting Plaintiff's allegations regarding corporate formalities, it would fail to undermine Plaintiff's alter ego theory. Plaintiff presented evidence that, to the extent corporate formalities were followed, they suggest an identity of interest

between the corporations.[1] *See, e.g.*, ECF 43-6 (listing USPLabs as the manager of OxyElite); 43-2 (showing USPLabs taking a 95% ownership interest in OxyElite in exchange for the OxyElite Pro trademark). Furthermore, Plaintiff presented evidence that corporate formalities were not followed. *See, e.g.*, ECF 43-12 (disclosing no independent corporations in which USPLabs holds greater than 10% ownership interest, despite USPLabs's 95% ownership interest in OxyElite). Plaintiff's evidence also further suggests that any distinction between the two entities was merely pro forma. *See, e.g.*, ECF 43-2 (Defendant Doyle signing for both USPLabs and OxyElite in the transfer of 95% ownership interest from one to the other).

Because Plaintiff's allegations are largely uncontroverted and therefore assumed as true for purposes of this motion, the court finds that plaintiff has made out a prima facie case that there is a unity of interests between USPLabs, OxyElite, OxyElite PN and Defendants Geissler and Doyle. Plaintiff's FAC makes out a plausible case that the various corporate defendants exist for no reason other than to shield each other and Defendants Geissler and Doyle from liability for selling dangerous dietary supplements. In light of this, the court finds that there is such unity of interest and ownership that the separate personalities of the entities no longer exist.

Furthermore, Plaintiff has claimed that USPLabs is likely to transfer assets in order to shield the assets from a judgment against it. ECF 10:1-11:8. Plaintiff's factual allegations regarding the Moving Defendants litigation-motivated behavior are sufficient to make such a claim plausible. *See, e.g.*, ECF 21 at 6:8-17, 6:25-7:2, 7:9-16. Accordingly, Plaintiff has made a prima facie showing that failure to disregard the separate identities of the Moving Defendants would result in fraud or injustice.

---

[1] Plaintiff submitted 55 documents to the court, requesting judicial notice of each of them. ECF 43. Among these documents were the original Article of Incorporation of Defendant OxyElite (then "USPlabs OxyEphedrine Pro, LLC"), ECF 43-6, an assignment of USPLabs's trademark in OxyElite Pro to Defendant OxyElite in exchange for a 95% ownership interest in OxyElite, ECF 43-2, and the Texas Franchise Tax Public Information Report for USPLabs, ECF 43-12. The request for judicial notice being unopposed, the court grants it with respect to these three documents. Because the rest of the documents are unnecessary to the court's decision on this motion, the court finds no need to take judicial notice of them at this time, and the request is accordingly denied with respect to the remainder of the documents, without prejudice to either party's resubmission of the request should the documents become relevant.

Had the Moving Defendants chosen to place Plaintiff's factual allegations at issue through declarations, further jurisdictional discovery might well have been required to decide this motion. But being faced with largely uncontroverted factual allegations at this stage in the dispute, the court accepts Plaintiff's allegations as true for purposes of this motion to dismiss. The court concludes that these allegations are sufficient to establish personal jurisdiction over Defendants Geissler, Doyle, OxyElite, and OxyElite PN at this stage in the litigation. Of course, Plaintiff will be required to prove personal jurisdiction at trial.

## IV.   ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

Defendants Doyle, Geissler, OxyElite, and OxyElite PN's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED**.

The court reminds the parties that Plaintiff continues to bear the burden of proof on personal jurisdiction and this issue may be raised again on motion for summary judgment as warranted by the state of the evidence.

Dated: October 30, 2014

_____
BETH LABSON FREEMAN
United States District Judge