UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: OXYELITE PRO AND JACK3D PRODUCTS
LIABILITY LITIGATION (NO. II)                                    MDL No. 2582


ORDER DENYING TRANSFER


**Before the Panel**:[*] Defendant USPlabs, LLC, moves under 28 U.S.C. § 1407 to centralize this litigation, which consists of sixteen actions pending in five districts,[1] as listed on Schedule A, in the Southern District of California or, alternatively, the Northern District of Texas.[2] The actions in this litigation consist of personal injury actions alleging that plaintiffs suffered injuries resulting from their use of various formulation of USPlabs' dietary supplements sold under the brand names "OxyElite Pro" and "Jack3d."[3]

Ten responding co-defendants support the motion.[4] Responding plaintiffs in sixteen actions and defendant Bodybuilding.com, LLC, oppose centralization, arguing that little has changed since the Panel last denied centralization of this litigation. *See In re: OxyElite Pro and Jack3d Prods. Liab. Litig.*, 11 F. Supp. 3d 1340 (J.P.M.L. 2014) ("*OxyElite Pro No. I*").

*On the basis of the papers filed and hearing session held, we deny the motion.* We previously determined that centralization was not warranted because the involved actions focused on different formulations of the products, alleged different health risks, and alleged distinct regulatory responses to the DMAA

---

[*] Judges Sarah S. Vance and Charles R. Breyer took no part in the decision of this matter.

[1] There were seventeen actions listed on defendant USPlabs' motion for centralization, but one action in the Central District of California (*Franco*) was dismissed on November 20, 2014.

[2] The Panel has been notified of two additional related actions.

[3] The original versions of OxyElite Pro and Jack3d contained 1, 3 dimethylamylamine ("DMAA"), which is allegedly a stimulant. Jack3d also included an ingredient called CarnoSyn that allegedly enhanced the effects of DMAA. The reformulated version of OxyElite Pro contained N-[2-hydroxy-2(4-methoxyphenyl) ethyl]-3-phenyl-2- propenamide ("aegeline"). The versions of the products at issue at issue are no longer on the market following various actions by the U.S. Food and Drug Administration ("FDA") and discontinuation of the products in 2012 and 2013.

[4] USPlabs Jack3d, LLC; USPlabs OxyElite, LLC; USPlabs OxyElite, PN, LLC; USPlabs Holding, LLC; Jonathan Vincent Doyle; Jacob Geissler; GNC Corporation; GNC Holdings, Inc.; The Vitamin Shoppe; and Vitamin Shoppe Industries, Inc.

-2-

and aegeline products at issue. *See id.* at 1341. We also determined that voluntary coordination among the parties and the involved judges was preferable to centralization, noting that two groups of plaintiffs' counsel already were coordinating most of the personal injury actions, the District of Hawaii actions (which focused on aegeline) were being coordinated in that district, and the number of DMAA actions likely would remain limited. *Id.* All of the factors weighing against centralization that we discussed in our prior decision in this litigation still exist.

Most importantly, the record indicates that this litigation has not grown significantly outside the District of Hawaii, where coordination is well underway. The eleven constituent actions in that district have been assigned to a single judge, who has coordinated motions practice, discovery, and trial schedules. Indeed, since our decision, only one federal action has been filed outside the District of Hawaii.[5]

Second, the number of actions and involved districts remains limited. In *OxyElite Pro No. I*, nine actions were pending in six districts, and the Panel had been notified of nine potential tag-along actions. *See* 11 F. Supp. 3d at 1340 & n.1. The present motion seeks centralization of sixteen actions pending in five districts, and there are only two potential tag-along actions. Thus, the size of the litigation has not changed materially.[6] Moreover, there are only five constituent actions outside of the District of Hawaii.

Third, common factual issues still do not predominate given the involvement of products with different active ingredients. For example, plaintiffs in the eleven District of Hawaii actions allege injuries from OxyElite Pro products with aegeline, plaintiff in the *Sparling* action allegedly died as a result of consuming Jack3d with DMAA and Carnosyn, and plaintiff in the *Battuello* action allegedly died as a result of consuming an OxyElite Pro product with DMAA.

Defendant USPlabs contends that centralization remains necessary because, in its view, voluntary coordination has not been successful. The record demonstrates, however, that, while there have been some discovery disputes, USPlabs now has national coordinating counsel which has made recent efforts to coordinate a global document production and other discovery issues, and that the two principal plaintiffs' firms in this litigation also have made efforts to advance informal coordination with a reasonable degree of success. The current disputes over coordination of defendants' depositions appear to be the subject of ongoing good faith negotiations, and the Panel is not convinced that centralization is necessary to resolve the limited areas of disagreement given the

---

[5] The purportedly "new" actions in the Southern District of Florida (*Rizzo*) and the Northern District of California (*Vista*), which were filed in early 2014, were brought to the Panel's attention in *OxyElite Pro No. I* as potential tag-along actions.

[6] Movant notes that three putative consumer class actions before the Panel in *OxyElite Pro No. I* have been resolved. While that resolution allegedly narrows the issues for the proposed centralized proceeding, it also reduces the number of involved cases and the asserted need for centralization.

-3-

circumstances presented by this litigation.

Both in the briefing and at oral argument, plaintiffs' counsel represented to the Panel that they have made substantial efforts to informally coordinate discovery in all actions and that they will continue to do so. Informal cooperation among the involved attorneys and coordination between the involved courts thus remains practicable and preferable to formal centralization of this litigation. *See OxyElite Pro No. I*, 11 F. Supp. 3d at 1342 (citing *In re: Yellow Brass Plumbing Component Prods. Liab. Litig.,* 844 F. Supp. 2d 1377, 1378 (J.P.M.L.2012) and *Manual for Complex Litigation, Fourth,* § 20.14 (2004)).

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

Marjorie O. Rendell
Acting Chair

Lewis A. Kaplan                     Ellen Segal Huvelle
R. David Proctor                    Catherine D. Perry

IN RE:  OXYELITE PRO AND JACK3D PRODUCTS
LIABILITY LITIGATION (NO. II)                             MDL No. 2582

## SCHEDULE A

Northern District of California

VISTA v. USPLABS LLC, ET AL., C.A. No. 5:14-00378

Southern District of Florida

RIZZO v. USPLABS, LLC, ET AL., C.A. No. 1:14-20421

District of Hawaii

VAN HOUTEN v. USPLABS, LLC, ET AL., C.A. No. 1:13-00635
WAIKIKI v. USPLABS, LLC, ET AL., C.A. No. 1:13-00639
AKAU v. USPLABS, LLC, ET AL., C.A. No. 1:14-00029
IGAFO v. USPLABS, LLC, ET AL., C.A. No. 1:14-00030
ISHIHARA v. USPLABS, LLC, ET AL., C.A. No. 1:14-00031
MATTSON v. USPLABS, LLC, ET AL., C.A. No. 1:14-00032
CARLISLE, ET AL. v. USPLABS, LLC, ET AL., C.A. No. 1:14-00363
DAVIDSON, ET AL. v. USPLABS, LLC, ET AL., C.A. No. 1:14-00364
OFISA, ET AL. v. USPLABS, LLC, ET AL., C.A. No. 1:14-00365
PANTOHAN, ET AL. v. USPLABS, LLC, ET AL., C.A. No. 1:14-00366
PAVAO, ET AL. v. USPLABS, LLC, ET AL., C.A. No. 1:14-00367

Eastern District of Pennsylvania

BATTUELLO v. USPLABS, LLC, ET AL., C.A. No. 2:13-04101

Western District of Texas

SPARLING, ET AL. v. DOYLE, ET AL., C.A. No. 3:13-00323
OGBONNA v. USPLABS, LLC, ET AL., C.A. No. 3:13-00347